**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| CARL PHILIP LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-258 |
| | ) | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, DOES 1-5 | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Proceeding *pro se*, Plaintiff Carl Phillip Lee filed a Complaint in the Superior Court of Chatham County against Defendants Federal National Mortgage Association ("Fannie Mae"), Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar") and Does 1-5. Doc. 1-2. The defendants removed it to this Court based on its diversity jurisdiction, doc. 1, and moved to dismiss the Complaint, doc. 5. Plaintiff has not responded to Defendants' Motion to Dismiss and therefore it stands unopposed. *See* S.D. Ga. L. Civ. R. 7.5. The Motion is now ripe for review. Doc. 5.

## I. BACKGROUND[1]

While his Complaint is not clear, Lee's claims all appear to arise from a mortgage loan for the property located at 110 Nelson Avenue in Garden City, Georgia (the "Property"). Doc. 1-2 at 6-7. Lee pledged the Property as collateral to secure a loan from Countrywide Home Loans, Inc. ("Countrywide"), and on April 11, 2006, executed a security deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Countrywide (the "Security Deed"). *Id.* at 7 (referencing the "original Countrywide Loan" and Security Deed); doc. 8-1 (Security Deed).[2] MERS assigned the Security Deed to Bank of America, N.A. ("BANA") on February 9, 2012, recorded on February 17, 2012. Doc. 1-2

---

[1] In analyzing Defendants' Motion to Dismiss, the Court accepts as true the factual allegations in Lee's Complaint and liberally construes his *pro se* pleading. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] A document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) A document is undisputed where the authenticity of the document is not challenged. *Id.* Lee references and relies upon the security deed and subsequent assignments in his Complaint, *see*, *e.g.*, doc. 1-2 at 7, so their authenticity has not been challenged and the Court may consider these documents attached to Defendants' Motion to Dismiss. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th. Cir. 2005) ("[A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement imposed in *Horsley*.").

at 7; doc. 8-2. BANA assigned the Security Deed to Fannie Mae on November 29, 2012, recorded on December 10, 2012. Doc. 1-2 at 7, doc. 8-3. Fannie Mae assigned the Security Deed to Nationstar on December 16, 2019, recorded on December 20, 2019. Doc. 1-2 at 8; doc. 8-4. Lee challenges the propriety of these assignments, since he believes that the person signing each document on behalf of the assignor was not employed by the assigning entity, and was instead, at least in some cases, employed by the assignee. Doc. 1-2 at 7-8.

Lee attempted to get a modification of his loan but was unsuccessful. Doc. 1-2 at 7, 13. It is unclear whether he applied for a modification and was denied, or whether he attempted to contact someone to obtain a modification but was unsuccessful in making contact. *Id*. He does not specify when he applied for this modification, who he contacted, or any other details other than that he did not ultimately get the modification.[3] *Id.* Lee's Complaint is inconsistent as to whether Nationstar, the current holder of the Security Deed, has foreclosed on the Property or only threatened to do so. *Compare id.* at 8 ("Now, Nationstar

---

[3], It does seem as though he was able to get at least one modification of the loan, since he alleges that a loan modification agreement was executed in December 2016. Doc. 1-2 at 8.

is threatening to foreclose…") *with id.* at 12 ("Defendant foreclosed on Plaintiff's property on September 3, 2019 in Chatham County, Georgia."). In any event, he does not allege that he is current on the loan. *See generally* doc. 1-2.

Lee filed his Complaint against Fannie Mae, Nationstar, and Does 1-5 in Chatham County Superior Court on September 2, 2020. Doc. 1-2 at 6. He asserts claims for "Reasonable Reliance/Detrimental Reliance," *id.* at 12-15, Fraud in the Inducement, *id.* at 15-16, Unconscionable Contract, *id.* at 16-17, Breach of Fiduciary Duty, *id.* at 17-18, Quiet Title, *id.* at 18-20, Slander of Title, *id.* at 20, and Violation of the Consumer Credit Protection Act ("CCPA"), *id.* at 20-21. He seeks declaratory judgment, injunctive and equitable relief, and compensatory, special, general, and punitive damages. *Id.* at 7. He also alludes to a "fraud upon the court" sufficient to set aside a judgment, though he does not identify any judgment that he seeks to set aside. *Id.* at 8. Lee appears to claim that the foreclosure (or threat of foreclosure) was improper for a several reasons, including the assignments of the Security Deed, *id.* at 7-8, the failure to disclose these assignments, *id.* at 21, the transfer of the security

deed without the underlying note, *id.* at 13, and Lee's inability to obtain a loan modification, *id.*

Defendants Fannie Mae and Nationstar removed the case to this Court based on this Court's diversity jurisdiction, doc. 1, and contemporaneously filed their Motion to Dismiss, doc. 5, and Motion to Stay, doc. 6. The Court granted the Motion to Stay as unopposed. Doc. 9. Lee has not responded to the Motion to Dismiss. *See generally* docket.

## II. ANALYSIS

### A. Rule 12(b)(6) Standard

On a motion to dismiss under Rule 12(b)(6), the factual allegations in a complaint are assumed true and construed in the light most favorable to the plaintiff. *See Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006). "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "a

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); *see also Financial Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing that "while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory" (citations and internal quotation marks omitted)).

"Factual allegations must be enough to raise a right to relief above the speculative level," *i.e.*, they must do more than merely create a " 'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1965 (citations omitted; emphasis omitted). "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]' " *Stephens*, 500 F.3d at 1282 (quoting *Twombly*, 127 S. Ct. at 1966-67). A plaintiff's

complaint will be dismissed if it does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"A document filed *pro se* is 'to be liberally construed' ... and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]' " *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Nevertheless, *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure. *Stubbs v. CitiMortgage, Inc.*, 549 F. App'x 885, 887 (11th Cir. 2013); *see also Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (citation omitted) (stating "[a]lthough we construe them liberally, pro se complaints also must comply with the procedural rules that govern pleadings"). In fact, the liberal construction "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Farkas v. SunTrust Mortg., Inc.*, 2011 WL 5984867, at *1 (11th Cir. Nov. 30, 2011).

### B. Shotgun Pleading

Defendants first argue that Lee's Complaint should be dismissed as a "shotgun pleading." Doc. 5 at 6-8. Defendants are correct that Lee's Complaint can only be characterized as what is "often disparagingly referred to as [a] 'shotgun pleading.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." *See id.* at 1321 & n.9 (collecting cases). The crux of the Court's admonishment of shotgun pleadings is that they fail to adhere to pleading requirements designed to ensure that a defending party is provided enough clarity to adequately respond, "making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief." *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018). Although, as discussed below, the allegations are sufficiently definite to discern their substantive defects, the Complaint retains many of the characteristics of a shotgun pleading.

Shotgun complaints typically present in four varieties:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint

> that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a pleading that does not separate into a different count each cause of action or claim for relief; and (4) a pleading that asserts multiple claims against multiple defendants without specifying which defendant allegedly committed which claim.

*Adams v. Huntsville Hosp.*, 819 F. App'x. 836, 838 (11th Cir. 2020) (citing *Weiland*, 792 F.3d at 1321–23).

Lee's Complaint is a combination of these varieties. The pleading is conclusory, vague, and contains facts and law immaterial to these proceedings. Confusingly, several of the factual recitations begin and end mid-paragraph and contain virtually no information relevant to the named parties. *See* doc. 1-2 at 7, 14-15. Lee also includes sections of inapplicable law, like an entire case from a California court addressing an action to set aside a divorce decree, and a California rule of civil procedure governing amendments. *Id.* at 8-11. The Complaint contains conclusions like "a fraud has very likely been perpetrated upon the Court" and "Defendants' actions in the processing, handling, and attempted foreclosure of this deed involved numerous fraudulent, false, deceptive and leading practices," with no factual basis. *See id.* at 11-12. It also contains hypothetical questions, pondering "why does the Assignee or their agent normally sign an Assignment of Mortgage when

it is clear that this is the role of the Assignor?" *Id.* at 12. Lee's Complaint also asserts multiple claims against multiple defendants without specifying which defendant allegedly committed which acts in support of which claims.

Generally, a Court faced with a shotgun pleading should *sua sponte* afford a litigant an opportunity to remedy the deficiencies. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). However, in this case, amendment would be futile. *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004) (district court may properly deny leave to amend when amendment would be futile).[4] Lee has failed to state claim for relief under any of the theories presented in his Complaint, and, although the Court has interpreted his *pro se* filing liberally, Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted.

---

[4] In addition to futility, Lee had an opportunity to appear and cure these deficiencies after they were raised by the Defendants. Doc. 5. He chose not to respond. Despite the lack of any apparent basis for viable amendment, and his apparent decision to abandon his claims, Lee has one final opportunity to present an argument for why his Complaint should not be dismissed, since he has 14 days in which to object to this Report and Recommendation. *See infra.* However, should he do so, he will also need to address why he has failed to respond to Defendants' Motion to Dismiss or otherwise prosecute his case. *See* Fed. R. Civ. P. 41(b).

### C. Wrongful Foreclosure, Quiet Title, Declaratory and Injunctive Relief

Although he does not specifically allege a claim for wrongful foreclosure, most of Lee's claims are based on his assertion that Nationstar does not have the right to foreclose on his property. *See, e.g.*, doc. 1-2 at 13 ("Said unlawful foreclosure action has caused and continues to cause Plaintiff's great and irreparable injury in that Real Property is unique."). His claims "rest on allegations that the courts have repeatedly rejected." *Porter v. PHH Mortgage Corp.*, 2020 WL 10229025 at *3 (N.D. Ga. April 23, 2020). His arguments that the assignments of the Security Deed are invalid, doc. 1-2 at 7-8, that Nationstar does not have the authority to foreclose on the Property because it is not the secured creditor because it does not hold the original note, *id.* at 11-12, and that the Security Deed and the underlying note were improperly separated, *id.* at 13, are theories that have been repeatedly rejected. *Porter*, 2020 WL 10229025 at *3 (collecting cases in the Eleventh Circuit clearly rejecting similar theories of wrongful foreclosure); *see also Goodridge v. Quicken Loans, Inc.*, 2014 WL 5364947 at *2-3 (S.D. Ga. October 21, 2014) (recognizing that numerous similar cases have been filed by plaintiffs in an effort to delay, prevent, or reverse foreclosures, and such

lawsuits, "wherein the plaintiffs often make rambling, incomprehensible and/or conclusory allegations about mortgage industry practices such as the securitization of mortgages, and the MERS assignment and registration system, allege that the promissory note and the security deed have been improperly 'split' or separated, and demand to see the promissory note," are frivolous).

To the extent his claims rest on his challenges to the propriety of the assignments, he does not have standing to make those challenges. *Edward v. BAC Home Loans Servicing, L.P.*, 534 F. App'x 888, 891 (11th Cir. 2013). And to the extent his claims rest on Nationstar holding the Security Deed without ownership of the underlying note, those arguments are similarly flawed. Under Georgia law, "[i]t is clear that a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and their privies." *Gordon v. S. Cent. Farm Credit, ACA*, 213 Ga. App. 816, 817 (1994). Consequently, Nationwide has the authority to initiate foreclosure proceedings under the power of sale provision in the Security Deed. *See* doc. 8-1 at 3-4; *You v. JP Morgan Chase Bank, N.A.*, 293 Ga. 67, 74 (2013) (holding that "[u]nder current Georgia law, the holder of a

deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed"). Arguments to the contrary have been rejected by other district courts in this Circuit. *See, e.g., LaCosta v. McCalla Raymer, LLC*, 2011 WL 166902 at *5 (N.D. Ga. Jan. 18, 2011) (rejecting plaintiff's wrongful foreclosure claim based on "splitting" of note and security deed and finding that holder of security deed was authorized to exercise power of sale); *Nicholson v. OneWest Bank*, 2010 WL 2732325, at *4 (N.D. Ga. April 20, 2010) ("[T]he nominee of the lender has the ability to foreclose on a debtor's property even if such nominee does not have a beneficial interest in the note secured by the mortgage.") *report and recommendation adopted* 2010 WL 2732329 (N.D. Ga. June 7, 2010).

Moreover, any claim for wrongful foreclosure lacks merit as Lee has not alleged that he was current on his loan obligation. *See Chae Yi You v. JP Morgan Chase Bank, N.A.*, 2012 WL 3904366, at *4 (N.D. Ga. May 23, 2012), *report and recommendation adopted Chae Yi You v. JPMorgan Chase Bank, N.A.*, 2012 WL 3904363 (N.D. Ga. Sept. 7, 2012) ("In the case at hand, even if the assignment of the security deed was deficient,

the separation of the security deed from the note had some legal effect, or the statutory foreclosure notice was faulty, that does not mean that Plaintiffs are entitled to possession of the property. This is because, lacking an allegation in the complaint that Plaintiffs were current on their loan, it appears that any breach of duty Defendants may have committed were not the cause of Plaintiffs' injury-rather, Plaintiffs' failure to pay was the cause.") *see also Sibley v. National City Mort. Co.*, 560 F. App'x 825, 827 (11th Cir. 2014) ("[Plaintiffs]'s admission that they defaulted on their loan defeated their complaint that [Defendant] attempted a wrongful foreclosure."). Plaintiff's claim for wrongful foreclosure should be dismissed.

Because Lee's wrongful foreclosure claim should be dismissed, so too should his claim for quiet title and his requests for injunctive or declaratory relief declaring that title to the Property is vested in him alone. *See Milani v. One West Bank FSB*, 491 F. App'x 977, 979, 980 at n.5 (11th Cir. 2012) (affirming dismissal of quiet title claim, declaratory judgment claim and request for injunctive relief where plaintiff failed to sufficiently state a claim for wrongful foreclosure); *Goodridge*, 2014 WL

5364947 at *7 (dismissing quiet title and declaratory judgment claims where the claims rested on these same "flawed legal theories").

**D. Promissory Estoppel/Detrimental Reliance Claim**

Lee's claim titled "Reasonable Reliance/Detrimental Reliance," doc. 1-2 at 12-15, seems to indicate a claim for promissory estoppel. Lee claims that he "detrimentally relied and had reasonable reliance on the servicer to grant [him] a modification and made numerous attempts on[ly] to be turned down time and time again for unreasonable reasons." Doc. 1-2 at 13. To prevail on a promissory estoppel claim, a plaintiff must prove that (1) the defendant made certain promises, (2) the defendant should have expected that the plaintiff would rely on such promises, and (3) the plaintiff did in fact rely on such promises to his detriment. *Doll v. Grand Union Co.*, 925 F.2d 1363, 1371 (11th Cir. 1991).

Here, the alleged statements concerning the loan modification are too vague and indefinite to support a claim for promissory estoppel. Lee does not even properly allege any promise at all; instead, he alleges that he was given a "[s]ingle [p]oint of [c]ontact" who never answered the phone. Doc. 1-2 at 7. Promissory estoppel does not apply to vague or indefinite promises or promises of uncertain duration. *Robinson v.*

*SunTrust Mortgage, Inc.*, 785 F. App'x 671, 677 (11th Cir. 2019) (applying Georgia promissory estoppel law to dismiss promissory estoppel claim where statements concerning modification were too vague and indefinite). There is simply no indication that any Defendant made a promise to Lee regarding any loan modification, and that Lee detrimentally relied on that promise. Doc. 1-2 at 7. This claim should be dismissed.

**E. Fraud Claim**

Lee alleges that the Defendants misrepresented that they were entitled to exercise the power of sale provision and are fraudulently foreclosing on the Property in which they have no interest. Doc. 1-2 at 15-16. This case became subject to the Federal Rules of Civil Procedure upon removal. *See* Fed. R. Civ. P. 81(c)(1). Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard for fraud claims. Fed. R. Civ. P. 9(b) ("In alleging fraud…a party must state with particularity the circumstances constituting fraud…."). To sufficiently plead a claim for fraud, plaintiffs in Georgia must establish five elements: "a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and

damage to plaintiff." *Kabir v. Statebridge Co., LLC*, 2011 WL 4500050, at *6 (N.D. Ga. Sept. 27, 2011) (quoting *Baxter v. Fairfield Fin. Servs.*, 307 Ga. App. 286 (2010)). This rule alerts defendants to the precise misconduct with which they are charged and protects defendants against spurious charges of fraudulent behavior. *Steinberg v. Barclay's Nominees*, 2008 WL 4601043, at *11 (S.D. Fla. Sept. 30, 2008). The Eleventh Circuit has further held that compliance with Rule 9(b) requires a complaint to set forth the following: (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. *Thomas v. Pentagon Federal Credit Union*, 393 F. App'x 635, 638 (11th Cir. 2010) (mortgagor failed to allege facts with sufficient particularity to state fraud claim against mortgagee where he did not identify any specific statements made by mortgagee and failed to identify time and place of an omission, person responsible for making an omission, and what mortgagee obtained as a consequence of fraud)

Lee's claim for "Fraud in the Inducement," *id.* at 15-16—and any other claim that may be based in fraud, *see, e.g., id.* at 13-15—is insufficient to satisfy the heightened pleading standard outlined above. He fails to allege any precise statements that were made, which defendant(s) made those statements, where they were made, how the statements caused him to enter the loan agreement, or how Defendants benefitted as a consequence. Instead, he generalizes that Defendants "misrepresented" that they are the holder and owner of the underlying loan and the beneficiary of the Security Deed, and that "Defendants were aware of the misrepresentations and profited from them." Doc. 1-2 at 15-16. There is no "who, what, when, where, and how." *See Goodridge*, 2014 WL 5364947 at *5. Moreover, this theory has no grounds in the law. As explained above, even if Defendants are not the "'holder and owner" of the underlying loan and had no beneficial interest in Lee's debt obligation despite representing so, they still have the right to exercise the power of sale pursuant to the terms of the Security Deed. *You*, 293 Ga. at 74. Lee's fraud claims should all be dismissed.

**F. Unconscionable Contract Claim**

Under Georgia law, a plaintiff has a "high bar" to overcome in establishing a claim based on unconscionability. *See Clark v. Aaron's, Inc.*, 914 F. Supp. 2d 1301, 1311 (N.D. Ga. 2012) ("Georgia law sets a high bar for the finding of unconscionability. As the Georgia Supreme Court has explained, '[a]n unconscionable contract is such an agreement as no sane man not acting under a delusion would make, and that no honest man would take advantage of.' ") (quoting *R.L. Kimsey Cotton Co., Inc. v. Ferguson*, 233 Ga. 962, 966 (1975)). In other words, "[u]nconscionable conduct must shock the conscience." *Clark*, 914 F. Supp. 2d at 1311 (internal quotes omitted). Lee does not allege any facts establishing that there is any term in the Security Deed or underlying loan documents that would be deemed "unconscionable," nor does he otherwise allege facts to support his claim that Defendants engaged in "unconscionable" activity. This claim, too, should be dismissed.

**G. Breach of Fiduciary Duty Claim**

Lee's claim for breach of fiduciary duty, predicated on Nationstar's "fail[ure] to disclose to Plaintiff that [it was] not the legitimate creditor," doc. 1-2 at 18, also fails. "Creditors deal with debtors at arm's length and

do not stand in a fiduciary capacity in relationship to the debtor." *Phillips v. Atlantic Bank & Trust Co.*, 168 Ga. App. 590, 591 (1983); *id.* (this is so even if the debtor "places special trust and confidence in a bank or its officers"); *Saffar v. Chrysler First Business Credit Corp.*, 215 Ga. Ap. 239, 241-42 (1994) (no fiduciary relationship between lender and borrower in arm's-length mortgage transaction). Absent a fiduciary duty, there can be no breach. *Nash v. Studdard*, 294 Ga. App. 845, 849 (2008). Lee has not met his burden of alleging that any such duty existed. *Savu v. SunTrust Bank*, 293 Ga. App. 683, 690 (2008).

**H. Slander of Title Claim**

To sustain a claim for slander of title, a plaintiff must establish that (1) the defendant uttered and published a slanderous work; (2) the work was false; (3) the work was malicious; (4) plaintiff possessed an estate in the property slandered; and (5) plaintiff sustained special damages. *Amador v. Thomas*, 259 Ga. App. 835, 837 (2003). Lee does not allege any of these five elements, and his failure to do so is fatal to his slander of title claim. In particular, the only documents Lee alleges Defendants

have "published" are the assignments. *See* doc. 1-2 at 20.[5] However, Lee alleges no facts to support his argument that the information contained in the assignments is false and malicious. *Id.* Falsity based solely on Lee's misguided theories of "unlawful" securitization and "separation of the note"—both of which the Court addressed above—is simply insufficient as a matter of law. Therefore, Lee's claim for slander of title should be dismissed. *See Goodridge* 2014 WL 5364947 at *4 (dismissing slander of title claim on similar grounds).

**I. CCPA Claim**

Lee asserts a violation of 15 U.S.C. § 1641(g), which requires that, within "30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer. . . ." 15 U.S.C. § 1641(g)(1). Lee does not identify which assignment was not disclosed; however, the assignments at issue are all assignments of the Security Deed. Doc. 1-2 at 7-8; docs. 8-2, 8-3, 8-4. "Based on its plain language, section 1641(g)'s disclosure obligation is

[5] Lee also seems to refer to an assignment that is not part of the chain of assignments in his case, referring to "assignment #3 to Thornburg," which is not one of the assignees on any of the above-referenced assignments. *See supra* p. 2-3. This again demonstrates the confusing nature of Plaintiff's Complaint.

triggered only when ownership of the "mortgage loan" or "debt" itself is transferred, not when the instrument securing the debt (that is, the mortgage) is transferred." *Giles v. Wells Fargo Bank, N.A.*, 519 F. App'x 576, 578 (11th Cir. 2013). Therefore, Lee's CCPA claim should be dismissed.

## III. CONCLUSION

Based on the foregoing, none of Lee's claim survive, and Defendants' Motion to Dismiss should be **GRANTED**. Doc. 5.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 10th day of August, 2021.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA